IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MOISES RUIZ                                                                                                PLAINTIFF
#276110

V.                                       Case No. 4:25-CV-00638-JM-BBM

PULASKI COUNTY REGIONAL
DETENTION FACILITY; CHELSEA
HAVELKA, Doctor, Pulaski County
Regional Detention Facility; WINSTON,
Doctor, Pulaski County Regional
Detention Facility; BOOTH, Nurse,
Pulaski County Regional Detention
Facility                                                                                                    DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

I.      **INTRODUCTION**

On June 25, 2025, Plaintiff Moises Ruiz ("Ruiz"), a pretrial detainee housed at the Pulaski County Regional Detention Facility ("PCRDF"), filed a *pro se* Complaint pursuant

to 42 U.S.C. § 1983. (Doc. 2). Ruiz alleged that he fell out of his top bunk while sleeping and received inadequate medical care from unnamed individuals. (Doc. 2 at 4).

The Court conducted an initial screening of Ruiz's claims, as required by the Prison Litigation Reform Act ("PLRA"),[1] and noted several deficiencies—particularly, that Ruiz sued only the PCRDF and did not name the individuals involved in the alleged constitutional violations. (Doc. 6). Ruiz was given leave to file an amended complaint and placed on notice that an amended pleading would supersede his previous Complaint. *Id*. at 5 (citing *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)). Ruiz subsequently filed an Amended Complaint, (Doc. 8), which contains defects much like his initial Complaint.

## II.    AMENDED ALLEGATIONS

In his Amended Complaint, Ruiz adds three Defendants—Dr. Chelsea Havelka ("Dr. Havelka"), Dr. Winston, and Nurse Booth. (Doc. 8 at 1). Ruiz requests that each Defendant be ordered to pay him damages and have their license revoked. *Id.* at 2. Ruiz additionally asks to "drop all official-capacity claims against [PCRDF]." *Id.* Finally, Ruiz asserts that his "proof of factual medical-deliberate-indifference motion will be sent at a later date." *Id.* In his Amended Complaint, Ruiz does not specify whether he sues Defendants in their official capacity, individual capacity, or both.

---

[1] The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

### III. SCREENING

To survive pre-service screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Id.* And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

However, "[a] pro se complaint must be liberally construed," and courts "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (cleaned up; citations omitted); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted). For the following reasons, even liberally construing the allegations in the Amended Complaint, Ruiz fails to state any plausible claim for relief.

#### A. No Personal Action by Defendants

In the Amended Complaint, Ruiz names Dr. Havelka, Dr. Winston, and Nurse Booth as Defendants, but he does not make any factual allegations against them. In § 1983 actions, government officials are only liable for their "*own* individual actions." *Iqbal*, 556 U.S. at 676 (emphasis added). Without *any* facts regarding actions taken directly by any of the individual Defendants, Ruiz fails to allege a constitutional violation committed by them. Additionally, while Ruiz asks that his "original filing…be amended," in its initial screening order, the Court expressly explained that an amended pleading would supersede his

3

previous Complaint. (Doc. 6 at 5) (citing *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)). The Court also gave Ruiz sufficient time—over three months—to provide his "proof of factual medical-deliberate-indifference," (Doc. 8 at 2), but that "proof" never came. Therefore, it is recommended that all individual-capacity claims be dismissed for failure to state a claim upon which relief can be granted.

### B.   Official-Capacity Claims

To the extent Ruiz intends to bring official-capacity claims, these claims fail. As explained by the Court in its initial screening order, "Pulaski County can only be held liable if the constitutional violation resulted from: '(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise.'" (Doc. 6 at 4) (citing *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Indep., MO.*, 829 F.3d 695, 699 (8th Cir. 2016)). Ruiz fails to allege any such facts in his Amended Complaint and, therefore, fails to state a claim upon which relief may be granted.

### C.   Pulaski County Regional Detention Facility

In the Amended Complaint, Ruiz does not name the PCRDF as a defendant and specifically drops the claims against it. (Doc. 8 at 1–2). Accordingly, it is recommended that the PCRDF be terminated as a party to this action.

## IV. CONCLUSION

Ruiz filed a superseding Amended Complaint naming new Defendants to this action. But he failed to include any factual allegations against those new Defendants.

IT IS THEREFORE RECOMMENDED THAT:

1. Pulaski County Regional Detention Facility be TERMINATED as a party to this action.

2. Ruiz's Amended Complaint, (Doc. 8), be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

3. The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act.

4. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

SO ORDERED this 10th day of December, 2025.

_____
UNITED STATES MAGISTRATE JUDGE